IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TERRY M. ANDERSON,
    Plaintiffs,

vs.                                       Case No.: 3:11cv377/MCR/EMT

COTTONWOOD SENIOR LIMITED
PARTNERSHIP, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding pro se, initiated this action by filing a civil complaint under 28 U.S.C. §§ 1331 and 1332, alleging common law tort claims, as well as violations of the federal Fair Housing Act, Americans with Disabilities Act ("ADA"), and civil rights laws (doc. 1). Plaintiff also filed a motion to proceed in forma pauperis (doc. 2) and a motion requesting appointment of counsel (doc. 3).

    Plaintiff's claims arise from her tenancy at Cottonwood Senior Apartments, located at 656 Azalea Road in Mobile, Alabama (doc. 1 at 2–4). She names the following Defendants: (1) Cottonwood Senior Limited Partnership, 2527 B. College St., Montgomery, Alabama, (2) Ashley Bedsole, Cottonwood Senior Apartments, 656 Azalea Road, Mobile, Alabama, (3) Melissa Melvin, Cottonwood Senior Apartments, 656 Azalea Road, Mobile, Alabama, and (4) Pinnacle American Management Services Co., 2600 Lake Lucien Drive, Suite 325, Maitland, Florida (*id.* at 1, 2). Plaintiff claims Defendants engaged in bribery and harassment, and violated the federal Fair Housing Act, ADA, and civil rights laws by failing to accommodate her physical disability and failing to return her security deposit after she vacated her apartment on July 31, 2010 (*id.* at 3–4).

Because the basis for federal jurisdiction in this case is not solely diversity of citizenship, venue is governed by 28 U.S.C. § 1391(b), which provides, in relevant part:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Here, Plaintiff alleges that Defendants reside in different States (*see* doc. 1 at 1, 2). Therefore, venue is governed by 28 U.S.C. § 1391(b)(2), which provides that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). In assessing whether a "substantial part of the events or omissions giving rise to the claim occurred" in a particular judicial district, courts should consider "only those acts and omissions that have a close nexus to the wrong." *See* Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1372 (11th Cir. 2003) (interpreting § 1391(a)(2)). Only the events that directly give rise to a claim are relevant; and of the places where the events have taken place, only those locations hosting a "substantial part" of the events are to be considered. *See id.* at 1371. When "material acts or omissions within the forum bear a 'close nexus' to the claims, they are properly deemed 'significant' and, thus, substantial, but when a close nexus is lacking, so too is the substantiality necessary to support venue." Daniel v. American Board of Emergency Medicine, 428 F.3d 408, 433 (2d Cir. 2005) (citing Jenkins Brick Co., 321 F.3d at 1372).

Accepting the facts in Plaintiff's complaint as true, the location hosting a "substantial part" of the events underlying this action is Mobile, Alabama, where the alleged harassment and violations of the Fair Housing Act and ADA occurred. Therefore, venue in the Northern District of Florida is not proper. In light of this determination, the court must either dismiss the case or transfer it to any district in which it could have been brought. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong district . . . shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."). The

undersigned deems it to be in the interest of justice to transfer this case to the United States District Court for the Southern District of Alabama, a district where it could have been brought.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the clerk **TRANSFER** this case to the United States District Court for the Southern District of Alabama.

2. That the clerk close this case.

At Pensacola, Florida, this 29th day of August 2011.

                    /s/ *Elizabeth M. Timothy*
                    **ELIZABETH M. TIMOTHY**
                    **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**